IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. SCICCHITANO, JR., ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 13-958 |
| ) | Magistrate Judge Maureen P. Kelly |
| JOSEPH PELZER; OFFICER ) | |
| McFEDRIDGE; OFFICER SMITH; ) | |
| OFFICER PREVOST, ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

Plaintiff Anthony J. Scicchitano, Jr. has presented a civil rights complaint against Defendants Joseph Pelzer, Officer McFedridge, Officer Smith and Officer Prevost, alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, when they allegedly assaulted Plaintiff and made him swallow razor blades and drink chemicals. Accordingly to the Complaint, Plaintiff believes he "passed" the razor blades, but he still suffers severe kidney pain from ingesting the razors. Plaintiff also alleges he was placed on "suicide watch" and was forced to sleep on a cold hard floor. [ECF No. 3, pp. 2-3].

On January 3, 2014, this Court issued a Case Management Order directing discovery to be completed by April 3, 2014, and ordering Plaintiff to file his Pretrial Statement by May 3, 2014. [ECF No. 30]. On May 30, 2014, Defendants filed a Motion to Compel Plaintiff to file a Pretrial Statement in accordance with the Order entered on January 3, 2014. On June 2, 2014, the Court granted Defendants' Motion and directed Plaintiff to file his pretrial narrative statement by June 23, 2014, or, upon motion by the Defendants, suffer the dismissal of his action for failure to prosecute. To date, Plaintiff has failed to file the required statement, and has

1

instead filed a Motion for Final Judgment. [ECF No. 40] Plaintiff's Motion for Final Judgment sets forth a single paragraph repeating the general allegations and legal conclusions contained in his short-form Complaint. While Plaintiff requests relief in the form of $75 million dollars for punitive damages, Plaintiff fails to provide any facts or evidence in support of his claim. Simply stated, Plaintiff's Motion for Final Judgment is not a Pretrial Narrative Statement as required by the orders entered on January 3, 2014, and June 2, 2014, and it is clear that Plaintiff is not seriously pursuing this action.

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indictates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed, which weighs heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even six months later appears willful and constitutes a history of dilatoriness.

2

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing an Answer, a Motion to Compel, a Motion to Dismiss and briefs in support thereof, there appears to be no specific prejudice to Defendants. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. Mindek v. Rigatti, 964 F.2d at 1373.

AND NOW, this 2nd day of July, 2014, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty

(30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,


/s/Maureen P. Kelly
United States Magistrate Judge


cc: All counsel of record via CM/ECF

      Anthony J. Scicchitano, Jr.
      KB-9484
      SCI Albion
      10745 Route 18
      Albion, PA16475- 0002